**FILED - LN**
April 26, 2010 10:20 AM
TRACEY CORDES, CLERK
U.S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____ /_____

1  Douglas Ellmann, Esq.
2  Ellmann & Ellmann PC
   Attorneys and Counselors at Law
3  308 West Huron
4  Ann Arbor, MI 48103
   734 668 4800
5  734 662 3893 facsimile
6  dse@ellmannlaw.com

**1:10-cv-405**
**Paul L. Maloney, Chief Judge**
**United States District Court**

7  Geoffrey Bestor
8  Levetown & Jenkins
   700 12th Street, NW, Suite 700
9  Washington, DC 20005
10 202 379 4899
   866 278 2973 facsimile
11 gbestor@levjen.com

12

13 Counsel for Plaintiff NANCY KINDER

14 UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF MICHIGAN

15

16

17 NANCY KINDER, individually and on    ) Case No.
   behalf of all others similarly situated, )
18            Plaintiff,                   ) <u>**CLASS ACTION COMPLAINT**</u>
19            vs.                          ) **DEMAND FOR JURY TRIAL**
20 NORTHWESTERN BANK,                     )
21            Defendant.                   )
22                                         )
23 _____   )

24

25     Now comes NANCY KINDER ("Plaintiff"), on behalf of herself and all

26 others similarly situated and alleges as follows:

27

28

-1-

1

## INTRODUCTION

2    1.    Plaintiff brings this action individually and on behalf of all others

3    similarly situated against Defendant Northwestern Bank alleging violations of the

4    Electronic Fund Transfer Act, 15 U.S.C.§ 1693 *et seq.* and its implementing

5    regulations 12 C.F.R. § 205 *et seq.* (hereinafter referred to collectively as the

6    "EFTA").

7    2.    The Congressional findings and declaration of purpose regarding the

8    EFTA are as follows:

9         (a)    Rights and liabilities undefined

10   The Congress finds that the use of electronic systems to transfer funds
     provides the potential for substantial benefits to consumers. However, due to
11   the unique characteristics of such systems, the application of existing
     consumer protection legislation is unclear, leaving the rights and liabilities of
12   consumers, financial institutions and intermediaries in electronic fund
     transfers undefined.

13        (b)    Purposes

14
     It is the purpose of this subchapter to provide a basic framework
15   establishing the rights, liabilities, and responsibilities of participants in
     electronic fund transfer systems. The primary objective of this
16   subchapter, however, is the provision of individual consumer rights.

17   15 U.S.C. § 1693.

18   3.    Among other things, the EFTA imposes certain disclosure

19   requirements upon operators of automated teller machines ("ATMs").

20   4.    15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes

21   fees on consumers in connection with electronic fund transfers to provide notice of

22   the fact that the fee is being imposed and the amount of the fee.[1]

23

24

25   _____

26   [1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft,
     or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or
27   magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term
     includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or
28   withdrawals of funds, and transfers initiated by telephone...." 15 U.S.C. § 1693a(6).

- 2 -

Plaintiff Nancy Kinder's Class Action
Complaint

1    5.    15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required

2  notice must be posted as follows:

3        (B)    Notice requirements

4        (i)    On the machine

5        The notice required under clause (i) of subparagraph (A) with respect
         to any fee described in such paragraph shall be posted in a prominent
6        and conspicuous location on or at the automated teller machine at
         which the electronic fund transfer is initiated by the consumer.
7

8        (ii)    On the screen

9

10       The notice required under clauses (i) and (ii) subparagraph (A) with
         respect to any fee described in such subparagraph shall appear on the
11       screen of the automated teller machine, or on a paper notice issued
         form such machine, after the transaction is initiated and before the
12       consumer is irrevocably committed to completing the transaction....

13       6.    The relevant implementing regulation, 12 C.F.R. § 205.16(c)

14  reinforces EFTA's statutory posting requirement, mandating that the mandatory fee

15  notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM

16  machine; and  2) "on the screen of the automated teller machine or by providing it

17  on paper, before the consumer is committed to paying the fee."  12 C.F.R. §

18  205.16(c)(1) and (2).

19       7.    15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12

20  C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer

21  unless EFTA's notice and posting requirements are followed by the ATM operator.

22       8.    Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

23       (C) Prohibition on fees not properly disclosed and explicitly assumed by the

24       consumer

25       No fee may be imposed by any automated teller machine operator in
         connection with any electronic fund transfer initiated by a consumer
26       for which a notice is required under subparagraph (A), unless—

27       (i)    The consumer receives such notice in accordance with subparagraph

28       (B)...

- 3 -

Plaintiff Nancy Kinder's Class Action
Complaint

1

## JURISDICTION AND VENUE

2    9.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §

3    1331 and 15 U.S.C. § 1693 *et. seq.*

4    10.   Plaintiff's claims asserted herein arose in this judicial district and

5    Defendant is the operator of ATMs in this judicial district.

6    11.   Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and

7    (c) and 1400(a) in that this is the judicial district in which a substantial part of the

8    acts and omissions giving rise to the claims occurred.

9

## PARTIES

10   12.   Plaintiff, Nancy Kinder, is and at all times relevant hereto was a

11   resident of Fowlerville, Livingston County, Michigan.

12   13.   Defendant, Northwestern Bank is headquartered at 625 S. Garfield

13   Avenue, Traverse City, MI 49686.

14   14.   Defendant is an automated teller machine operator, as that term is

15   defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator

16   means any person that operates an automated teller machine at which a consumer

17   initiates an electronic fund transfer or a balance inquiry and that does not hold the

18   account to or from which the transfer is made, or about which the inquiry is made."

19

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

20   15.   Specifically, Plaintiff made a cash withdrawal from Defendant's ATM

21   at the following locations:

22          (a)    On or about July 29, 2009 Plaintiff made an electronic fund
                   transfer at Defendant's ATM at 1573 N. Mitchell Road (PO Box
23                 639), Cadillac, Michigan. Defendant charged Plaintiff a fee of
                   $3.00 in connection with the above-described transaction.
24
            (b)    On or about July 29, 2009 Plaintiff made an electronic fund
25                 transfer at Defendant's ATM at 4000 Main Street, Bay Harbor,
                   Michigan. Defendant charged Plaintiff a fee of $3.00 in
26                 connection with the above-described transaction.

27          (c)  . On or about August 6, 2009 Plaintiff made an electronic fund
                   transfer at Defendant's ATM at 5213 Houghton Lake Drive,
28

- 4 -

Plaintiff Nancy Kinder's Class Action
Complaint

1

2

Houghton Lake, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

3

4

(d)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 223 South Cedar Street, Kalkaska, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

5

6

7

(e)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 5300 US 31 North (PO Box 1643), Acme, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

8

9

(f)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 6353 US 31 North (inside Tom's Food Market), Williamsburg, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

10

11

12

(g)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 625 South Garfield Avenue (Po Box 809), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

13

14

15

(h)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 203 South Union (PO Box 809), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

16

17

(i)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 613 West 14th Street (PO Box 809), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

18

19

20

(j)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 2112 M-137, Interlochen, Michigan. Defendant charged Plaintiff a fee of $3.50 in connection with the above-described transaction.

21

22

(k)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 101 Court Street, Ludington, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

23

24

25

(l)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 3965 West US 10-31, Ludington, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

26

27

28

(m)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 325 West US 10-31, Manistee, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

- 5 -

1    (n)   On or about March 18, 2010 Plaintiff made an electronic fund
2          transfer at Defendant's ATM at 4128 US Highway 31 South
           (inside Glen's Grocery Store), Traverse City, Michigan.
3          Defendant charged Plaintiff a fee of $3.50 in connection with
           the above-described transaction.

4    (o)   On or about March 18, 2010 Plaintiff made an electronic fund
5          transfer at Defendant's ATM at 4205 US 31 South, Traverse
           City, Michigan. Defendant charged Plaintiff a fee of $3.00 in
           connection with the above-described transaction.

6    16.   At the time of the above-described electronic transaction, Plaintiff did

7    not maintain any accounts with Defendant.

8    17.   However, at the time of the above-described transaction, there was no

9    notice posted "on or at" the ATM operated by Defendant apprising consumers that

10   a fee would be charged for use of the ATM.

11   18.   Because Defendant did not post the required notice, it was not

12   permitted to charge a usage fee to Plaintiff and other class members.

13                     **CLASS ACTION ALLEGATIONS**

14   19.   Plaintiff brings this class action on behalf of herself and all other

15   similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil

16   Procedure.

17   20.   Plaintiff seeks to represent a class of persons to be defined as follows:

18   All persons who: 1) where charged a "terminal owner fee" at an
19   ATM operated by Defendant when such persons made an electronic
     fund transfer and/or balance inquiry where, 2) no notice indicating
20   that such fee was to be charged was posted on the outside of the ATM
     machine.

21   21.   Numerosity: The class described above is so numerous that joinder of

22   all individual members in one action would be impracticable. The disposition of

23   the individual claims of the respective class members through this class action will

24   benefit both the parties and this Court.

25   22.   Plaintiff is informed and believes, and thereon alleges, that there are at

26   minimum, thousands of members of the class described above.

27

28

Plaintiff Nancy Kinder's Class Action
Complaint                                        - 6 -

23. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

24. Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

25. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

26. Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

27. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

28. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

    a. Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

    b. Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

    c. Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

29. Adequacy of Representations: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members

- 7 -

Plaintiff Nancy Kinder's Class Action
Complaint

1    of the class. Plaintiff will fairly, adequately, and vigorously represent and protect
2    the interests of the members of the class and has no interests antagonistic to the
3    members of the class. Plaintiff has retained counsel who is competent and
4    experienced in the prosecution of class action litigation.

5         30.    Superiority:  A class action is superior to other available means for the
6    fair and efficient adjudication of the claims of the class.  While the aggregate
7    damages which may be awarded to the members of the class are likely to be
8    substantial, the damages suffered by the individual members of the class are
9    relatively small.  As a result, the expense and burden of individual litigation makes
10   it economically infeasible and procedurally impracticable for each member of the
11   class to individually seek redress for the wrongs done to them.  Plaintiff does not
12   know of any other litigation concerning this controversy already commenced by or
13   against any member of the class.  The likelihood of the individual members of the
14   class prosecuting separate claims is remote.  Individualized litigation would also
15   present the potential for varying, inconsistent, or contradictory judgments, and
16   would increase the delay and expense to all parties and the court system resulting
17   from multiple trials of the same factual issues.  In contrast, the conduct of this
18   matter as a class action presents fewer management difficulties, conserves the
19   resources of the parties and the court system, and would protect the rights of each
20   member of the class.  Plaintiff knows of no difficulty to be encountered in the
21   management of this action that would preclude its maintenance as a class action.

22                          **SUBSTANTIVE VIOLATION**

23        31.    15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to
24   imposition of a usage fee upon a consumer for host transfer services, an automated
25   teller machine operator must provide notice to the consumer consistent with
26   subparagraph (B) of that statutory section.

27        32.    Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:
28        (B)    Notice requirements

                                         - 8 -

1    (i)    On the machine

2    The notice required under clause (i) of subparagraph (A) with respect
     to any fee described in such subparagraph shall be posted in a
3    prominent and conspicuous location on or at the automated teller
     machine at which the electronic fund transfer is initiated by the
4    consumer.

5    33.    In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant

6    part:

7    (C) Prohibition on fees not properly disclosed and explicitly assumed by the

8    consumer

9    No fee may be imposed by any automated teller machine operator in
     connection with any electronic fund transfer initiated by a consumer
10   for which a notice is required under subparagraph (A), unless—

11   (i)    The consumer receives such notice in accordance with subparagraph

12   (B)...

13   34.    EFTA's statutory notice requirements are reinforced by the

14   implementing regulations set forth at 12 C.F.R. § 205.16.

15   35.    Defendant violated the notice requirements of EFTA in connection

16   with providing host transfer services to Plaintiff and the Class.

17   36.    Defendant was prohibited from imposing any usage fee or similar fee

18   for providing host transfer services because it failed to comply with EFTA's notice

19   requirements.

20   37.    15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff

21   and Class for violations of 15 U.S.C. § 1693 *et seq.* in the amount of, *inter alia,*

22   statutory damages to be determined by the Court, the costs of this action and

23   reasonable attorneys' fees.

24   38.    Plaintiff seeks the imposition of statutory damages, costs of suit and

25   attorneys' fees.

26

27   **PRAYER FOR RELIEF**

28   WHEREFORE, Plaintiff, on behalf of herself and the members of the class,

- 9 -

Plaintiff Nancy Kinder's Class Action
Complaint

1    prays for:

2              a.    An order certifying the class and appointing Plaintiff as the
                     representative of the class, and appointing counsel for Plaintiff
3                    as counsel for the class;

4              b.    An award to Plaintiff and the members of the class of statutory
                     damages;
5
               c.    Payment of costs of suit; and,
6
               d.    Payment of reasonably attorneys' fees.
7

8         **A TRIAL BY JURY IS DEMANDED.**

9    Dated:  April 22, 2010              Respectfully submitted,

10

11

12                                       Douglas Ellmann, Esq.  P34617
                                         Ellmann & Ellmann PC
13                                       Attorneys and Counselors at Law
                                         308 West Huron
14                                       Ann Arbor, MI   48103
                                         734 668 4800
15                                       734 662 3893 facsimile
                                         dse@ellmannlaw.com
16

17

18

19                                       Geoffrey Bestor
                                         Levetown & Jenkins
20                                       700 12th Street, NW, Suite 700
                                         Washington, DC 20005
21                                       202 379 4899
                                         866 278 2973 facsimile
22                                       gbestor@levjen.com
23

24

25                                       Counsel for Plaintiff
                                         NANCY KINDER
26

27

28

                                         - 10 -

     Plaintiff Nancy Kinder's Class Action
     Complaint