UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

───────────────

NANCY KINDER, individually and on behalf
of all others similarly situated,

CIVIL ACTION NO: 1:10-cv-405

       Plaintiff,

HON. Paul L. Maloney

v.

NORTHWESTERN BANK,

**ANSWER TO COMPLAINT AND
AFFIRMATIVE DEFENSES**

       Defendant.

_____/

NOW COMES Defendant, Northwestern Bank, by and through its counsel of record, VARNUM, and hereby answers Plaintiff's Complaint as follows:

### INTRODUCTION

1.    Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant Northwestern Bank alleging violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*. and its implementing regulations 12 C.F.R. § 205 *et seq*. (hereinafter referred to collectively as the "EFTA").

**ANSWER:    Northwestern Bank denies that Plaintiff has a valid cause of action against Northwestern Bank for any violation of the Electronic Fund Transfer Act or its implementing regulations.  Northwestern Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 1.**

2.    The Congressional findings and declaration of purpose regarding the EFTA are as follows:

      (a)    Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)     Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

**ANSWER:     No response is required to the allegations of paragraph 2 of the Complaint because the language contained in 15 U.S.C. § 1693 speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language contained in 15 U.S.C. § 1693, those allegations are denied as untrue.**

3.     Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

**ANSWER:     The allegations of paragraph 3 contain a legal conclusion to which no response is required.**

4.     15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

**ANSWER:     No response is required to the allegations of paragraph 4 of the Complaint because the language contained in 15 U.S.C. § 1693(d)(3)(A) and 15 U.S.C. § 1693a(6) speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language contained in 15 U.S.C. § 1693(d)(3)(A) and 15 U.S.C. § 1693a(6), those allegations are denied as untrue.**

5.     15 U.S.C. § 1693b(d)(3)(B) identifies the location where the require notice must be posted as follows:

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone...." 15 U.S.C. § 1693a(6).

(B)     Notice requirements

(i)      On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is Initiated by the consumer.

(ii)     On the screen

The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued form such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction....

**ANSWER:     The allegations of this paragraph state legal conclusions to which no response is required.  In addition, no response is required to the allegations of this paragraph because the language contained in 15 U.S.C. § 1693(d)(3)(B) speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language contained in 15 U.S.C. § 1693(d)(3)(D), those allegations are denied as untrue.**

6.      The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; <u>and</u> 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

**ANSWER:     The allegations of this paragraph state legal conclusions to which no response is required.  In addition, no response is required to the allegations of this paragraph because the language contained in 15 U.S.C. § 1693(d)(3)(B) speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language contained in 15 U.S.C. § 1693(d)(3)(D), those allegations are denied as untrue.**

7.      15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

**ANSWER:    The allegations of paragraph 7 contain a legal conclusion to which no response is required.**

       8.      Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

      (C)     Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless

      (i)     The consumer receives such notice in accordance with subparagraph (B)…

**ANSWER:    No response is required to the allegations of paragraph 8 of the Complaint because the language contained in 15 U.S.C. § 1693(d)(3)(C) speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language contained in 15 U.S.C. § 1693(d)(3)(C), those allegations are denied as untrue.**

**JURISDICTION AND VENUE**

      9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et. seq.*

**ANSWER:    The allegations of paragraph 9 contain a legal conclusion to which no response is required.  To the extent that a response is required to the allegations of this paragraph, Northwestern Bank admits that Plaintiff purports to raise a claim under federal law.**

      10.     Plaintiff's claims asserted herein arose in this judicial district and Defendant is the operator of ATMs in this judicial district.

**ANSWER:    Northwestern Bank admits only that it is an operator of ATMs in this judicial district.  The remaining allegations of paragraph 10 of the Complaint are neither admitted nor denied, as Northwestern Bank is without sufficient information to form a belief as to their truth.**

11.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**ANSWER:     The allegations of paragraph 11 of the Complaint are neither admitted nor denied, as Northwestern Bank is without sufficient information to form a belief as to their truth.**

PARTIES

12.     Plaintiff, Nancy Kinder, is and at all times relevant hereto was a resident of Fowlerville, Livingston County, Michigan.

**ANSWER:     The allegations of paragraph 12 of the Complaint are neither admitted nor denied, as Northwestern Bank is without sufficient information to form a belief as to their truth.**

13.     Defendant, Northwestern Bank is headquartered at 625 S. Garfield Avenue, Traverse City, MI 49686.

**ANSWER:     Admitted.**

14.     Defendant is an automated teller machine operator, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

**ANSWER:     Admitted.**

FACTS RELATED TO PLAINTIFF'S TRANSACTION

15.     Specifically, Plaintiff made a cash withdrawal from Defendant's ATM at the following locations:

     (a)     On or about July 29, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 1573 N. Mitchell Road (PO Box 639), Cadillac, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

     (b)     On or about July 29, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 4000 Main Street, Bay Harbor, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(c)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 5213 Houghton Lake Drive, Houghton Lake, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(d)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 223 South Cedar Street, Kalkaska, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(e)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 5300 US 31 North (PO Box 1643), Acme, Michigan. Defendant charged Plaintiff a fee of $3.00 n connection with the above-described transaction.

(f)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 6353 US 31 North (inside Tom's Food Market), Williamsburg, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(g)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 625 South Garfield Avenue (Po Box 809), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(h)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 203 South Union (PO Box 809), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(i)     On or about August 6, 2009 Plaintiff made an electronic fund transfer at Defendant's ATM at 613 West 14th Street (PO Box 809), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(j)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 2112 M-137, Interlochen, Michigan. Defendant charged Plaintiff a fee of $3.50 in connection with the above-described transaction.

(k)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 101 Court Street, Ludington, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(l)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 3965 West US 10-31, Ludington, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(m)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 325 West US 10-31, Manistee, Michigan. Defendant

charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

(n)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 4128 US Highway 31 South inside Glen's Grocery Store), Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.50 in connection with the above-described transaction.

(o)     On or about March 18, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 4205 US 31 South, Traverse City, Michigan. Defendant charged Plaintiff a fee of $3.00 in connection with the above-described transaction.

**ANSWER:**     **The allegations contained in paragraph 15 of Plaintiff's Complaint are neither admitted nor denied, as Defendant is without sufficient information to form a belief as to their truth.**

16.     At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

**ANSWER:**     **Defendant admits only that it has no record of any accounts held by Plaintiff. The remaining allegations contained in paragraph 16 of Plaintiff's Complaint are neither admitted nor denied, as Defendant is without sufficient information to form a belief as to their truth.**

17.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

**ANSWER:**     **The allegations of paragraph 17 of the Complaint are denied as untrue because the required notice was displayed on the screen of every ATM referenced in this Complaint. Responding further, Defendant states that each and every non-customer that uses Defendant's ATMs is required to acknowledge and agree to the fee before commencing with a transaction.**

18.     Because Defendant did not post the required notice, it was not permitted to charge a usage fee to Plaintiff and other class members.

**ANSWER:**     **The allegations of paragraph 18 of the Complaint are denied as untrue.**

<u>C</u><u>LASS</u> <u>A</u><u>CTION</u> <u>A</u><u>LLEGATIONS</u>

19.    Plaintiff brings this class action on behalf of herself and all other similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

**<u>ANSWER</u>:    Northwestern Bank admits only that Plaintiff is attempting to bring an action individually and on behalf of others against Northwestern Bank alleging violations of the Electronic Fund Transfer Act.    Northwestern Bank denies that Plaintiff may properly bring this action as a class action.    The remaining allegations of this paragraph state legal conclusions to which no response is required.**

20.    Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who: 1) where charged a "terminal owner fee" at an - ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

**<u>ANSWER</u>:    Northwestern Bank admits only that Plaintiff is attempting to bring an action individually and on behalf of others against Northwestern Bank alleging violations of the Electronic Fund Transfer Act.    Northwestern Bank denies that Plaintiff may properly bring this action as a class action.    The remaining allegations of this paragraph state legal conclusions to which no response is required.**

21.    <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

**<u>ANSWER</u>:    The allegations of paragraph 21 of the Complaint are denied as untrue.**

22.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

**<u>ANSWER</u>:    The allegations of paragraph 22 of the Complaint are denied as untrue.**

23.    The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

**<u>ANSWER</u>:    The allegations of paragraph 23 of the Complaint are denied as untrue.**

24.    Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

**ANSWER:    The allegations of paragraph 24 of the Complaint are denied as untrue.**

25.    <u>Typicality</u>:  Plaintiffs claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

**ANSWER:    The allegations of paragraph 25 of the Complaint are denied as untrue.**

26.    Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

**ANSWER:    The allegations of paragraph 26 of the Complaint are denied as untrue.**

27.    <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting members of the class.

**ANSWER:    The allegations of paragraph 27 of the Complaint are denied as untrue.**

28.    The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

> a.    Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

> b.    Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

> c.    Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

**ANSWER:    The allegations of paragraph 28 of the Complaint are denied as untrue.**

29.    <u>Adequacy of Representations</u>:  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

**ANSWER:    The allegations of paragraph 29 of the Complaint are denied as untrue.**

30.   Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class. While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class. The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**ANSWER:**   **The allegations of paragraph 30 of the Complaint are denied as untrue.**

### SUBSTANTIVE VIOLATION

31.   15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

**ANSWER:**   **The allegations of this paragraph state legal conclusions to which no response is required.  In addition, no response is required to the allegations of paragraph 31 of the Complaint because the language in 15 U.S.C. § 1693(d)(3)(A) speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language of 15 U.S.C. § 1693(d)(3)(A), those allegations are denied as untrue.**

32.   Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B)   Notice requirements

(i)   On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

**ANSWER:**   **No response is required to the allegations of paragraph 32 of the Complaint because the language in subparagraph (B) of 15 U.S.C. § 1693(d)(3) speaks for itself.  To**

the extent the allegations in this paragraph are inconsistent with the language in subparagraph (B) of 15 U.S.C. § 1693(d)(3), those allegations are denied as untrue.

33.     In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part

(C)     Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –

(i)     The consumer receives such notice in accordance with subparagraph (B)…

**ANSWER:      No response is required to the allegations of paragraph 33 of the Complaint because the language in subparagraph (c) of 15 U.S.C. § 1693(d)(3) speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language in subparagraph (c) of 15 U.S.C. § 1693(d)(3), those allegations are denied as untrue.**

34.     EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

**ANSWER:      The allegations of this paragraph state legal conclusions to which no response is required.  In addition, no response is required to the allegations of paragraph 34 of the Complaint because the language in 12 C.F.R. § 205.16 speaks for itself.  To the extent the allegations in this paragraph are inconsistent with the language of 12 C.F.R. § 205.16, those allegations are denied as untrue.**

35.     Defendant violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

**ANSWER:      The allegations of paragraph 35 of the Complaint are denied as untrue.**

36.     Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

**ANSWER:      The allegations of paragraph 36 of the Complaint are denied as untrue.**

37.     15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693 *et seq.* in the amount of, *inter alia*, statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

**ANSWER:** **Northwester Bank denies that it violated 15 U.S.C. § 1693 *et seq.*, and denies that it caused any loss or damage recoverable under the Electronic Funds Transfer Act or its implementing regulations.**

38.   Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

**ANSWER:** **Northwestern Bank denies that Plaintiff is entitled to any damages on any of the allegations raised in Plaintiff's Complaint.**

**WHEREFORE, Defendant, Northwestern Bank, respectfully requests that this Court enter a judgment of no cause of action in favor of Defendant and against Plaintiff and award Defendant all reasonable costs, including attorneys' fees, associated with defending this action.**

Respectfully submitted,

VARNUM
Attorneys for Plaintiff

Date: June 14, 2010                    By: /s/ Brion B. Doyle_____
                                            Brion B. Doyle (P67870)
                                       Business Address, Telephone, and E-mail:
                                            Bridgewater Place, P.O. Box 352
                                            Grand Rapids, MI 49501-0352
                                            (616) 336-6000
                                            bbdoyle@varnumlaw.com

**AFFIRMATIVE DEFENSES**

Defendant reserves the right to assert one or more of the following affirmative defenses at trial of this matter:

1.   All or part of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff's Complaint may be time-barred by the applicable statutes of limitations.

3.      Plaintiff's damages, if any exist, arise solely from her own misfeasance or malfeasance.

4.      Pursuant to 15 U.S.C. § 1693h(d), Plaintiff's claims are barred, in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Northwestern Bank, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

5.      Pursuant to 15 U.S.C. § 1693m(c), Plaintiff's claims are barred, in whole or in part, because any alleged violation of the EFTA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of risk, waiver, and estoppel because Plaintiff was notified by an onscreen message that she would be charged a fee if she chose to continue with her transaction.  Plaintiff had the opportunity to decline the ATM fee before any such fee was charged, but chose to accept the ATM fee by pressing a button on the ATM indicating such acceptance.

7.      Plaintiff's claims are barred, in whole or in part, as she cannot show that she relied in her detriment on any alleged non-compliance with the EFTA, and thus Plaintiff cannot establish a causal link between any alleged non-compliance and her alleged damages.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed and refused to mitigate her damages.  Northwestern Bank's ATM notifies all users who are subject to an ATM withdrawal fee, by onscreen message, that the user shall be charged such fee if they affirmatively choose to continue with their transaction.  Plaintiff had the opportunity to decline

the ATM fee before any such fee was charged, but chose to accept the ATM fee by pressing a button on the ATM indicating such acceptance.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff breached her duty of fair dealings with Northwestern Bank. Northwestern Bank's ATM notifies all users who are subject to an ATM withdrawal fee, by onscreen message, that the user shall be charged such fee if they affirmatively choose to continue with their transaction. When Plaintiff chose to accept the ATM fee by pressing a button on the ATM indicating such acceptance, she entered into a click-through contract with Northwestern Bank to provide transfer services. Plaintiff has a duty of fair dealings in regard to the performance and enforcement of her contract with Northwestern Bank. Plaintiff's claims are a violation of said duty of fair dealings.

10.     Plaintiff's claims are barred because Northwestern Bank has substantially complied with the EFTA and the regulations promulgated thereunder.

11.     Plaintiff's EFTA claim is barred by 15 U.S.C. § 1693m(d) because all actions taken by Northwestern Bank were done in good faith in conformity with regulations promulgated by the Federal Reserve Board or other federal regulatory authorities.

12.     Plaintiff's claims are barred by the doctrine of consent.

13.     Plaintiff's claims are barred by the doctrine of ratification.

14.     Plaintiff's claims are barred by the voluntary payment doctrine.

15.     Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint, either individually or on behalf of the purported class.

16.     Plaintiff's claims may not be properly maintained as a class action because the named representative is not an adequate representative under Federal Rule of Civil Procedure 23.

17.     All or part of Plaintiff's Complaint may be barred by the doctrines of estoppel, laches, waiver, or unclean hands.

18.     Defendant reserves the right to add additional affirmative defenses made known to it through discovery in this matter.

Respectfully submitted,

VARNUM
Attorneys for Plaintiff

Date: June 14, 2010                  By: /s/ Brion B. Doyle
                                     Brion B. Doyle (P67870)
                                     Business Address, Telephone, and E-mail:
                                     Bridgewater Place, P.O. Box 352
                                     Grand Rapids, MI 49501-0352
                                     (616) 336-6000
                                     bbdoyle@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Douglas Ellman
ELLMANN & ELLMANN PC
308 West Huron
Ann Arbor, MI 48103
dse@ellmannlaw.com
*Counsel for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

Geoffrey Bestor
Levetown & Jenkins
700 12th Street, NW, Suite 700
Washington, DC 20005
*Counsel for Plaintiff*

/s/ Brion B. Doyle
Brion B. Doyle (P67870)
bbdoyle@varnumlaw.com

3452156_1.DOC