**EXHIBIT A**
**Plaintiff's Reply to Defendant's Opposition to Motion for Class Certification**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER,

    Plaintiff,                              Case No. 1:10-cv-00405-PLM

vs.                                         Hon. Paul L. Maloney

NORTHWESTERN BANK,

    Defendant.
_____/

**DECLARATION OF GEOFFREY BESTOR**

I, Geoffrey Bestor, hereby state as follows:

1.     I am a member of the bar of this Court and counsel for Plaintiff in this case, Nancy Kinder.

2.     I am a 1981 graduate of the University of Michigan Law School.  My nearly 30-year career has been divided approximately 60/40 between private practice and government.  All of my time in private practice has been devoted to civil and criminal litigation, representing large clients during my time with large law firms and mostly individuals in my solo practice.  I also served for almost eight years as an Assistant United States Attorney in Washington, D.C., two years as Deputy Assistant Attorney General, Office of Policy Development, in the U.S. Department of Justice, and two years as Staff Director of an oversight committee on Capitol Hill.  I am currently serving my third two-year term as a member of the District of Columbia Rules of Professional Conduct Review Committee.  I am admitted to, and have practiced in, federal courts all over the country, including the Western and Eastern Districts of Michigan.  I currently have a solo practice.

3.     I filed *Kinder v. Northwestern Bank* as Plaintiff's attorney on April 26, 2010.  My co-counsel, Douglas Ellmann, is a law school classmate of mine whom I asked to work with me as local

counsel. I have conducted this litigation, with Mr. Ellmann's assistance when needed, entirely by myself. I have consulted no one other than Mr. Ellman and, on occasion, and very informally, my wife, who was an accomplished civil litigator for a very long time.

4. If any class counsel legal fees are awarded or agreed to in this case, the only recipients thereof will be me and Mr. Ellmann. I will have complete control over the distribution of legal fees, if any, and represent as an officer of the court that neither Michael Harrison nor anyone else other than myself and Mr. Ellmann will receive any fees. There are no side deals, under-the-table deals, winks, nods, or any kind of qualification to this.

5. I also represent Ms. Kinder, as well as Ray Harrison, in a number of other similar cases. Ms. Kinder and Mr. Harrison, who are both widowed, live together in Fowlerville, Michigan. I began representing Ray Harrison in approximately February 2010 when I took on responsibility for several Electronic Funds Transfer Act ("EFTA") cases being handled by Levetown & Jenkins, a law firm in the Washington, D.C., metropolitan area. I was a partner in Levetown & Jenkins from October 2009 to May 1, 2010, and I took on the EFTA cases when the attorney who had been handling them left the firm. Of the sixteen cases I took over, all but two are settled and dismissed, settled with a motion to approve the settlement pending before the court, or have settlements in principle that I expect to be finalized before the end of the year.

6. In July 2010, Ms. Kinder, represented by Maddin Hauser Wartell Roth & Heller, PC, filed several additional EFTA actions. In October, Ms. Kinder was deposed by both Northwestern Bank and a defendant in one of Maddin Hauser's cases. During discussions occasioned by these back-to-back depositions, Maddin Hauser suggested, and I agreed, that I should be lead counsel on all of the cases given my experience with EFTA cases. With Ms. Kinder's agreement, I accordingly entered an appearance in the Maddin Hauser cases on October 7, 2010, with Maddin Hauser remaining in the

cases as local counsel.  As a result, I am currently class counsel in all of the pending EFTA cases in which Ms. Kinder and Ray Harrison are named class representatives .

       7.      Michael Harrison, who is Ray Harrison's son, has neither control of, nor input into, the litigation of any of the EFTA cases in which I represent Ms. Kinder and Mr. Harrison.  I do not consult with him about the conduct of the cases.  I do not keep him informed of the status of discovery.  I do not talk to him about possible settlement of the cases.  I do not tell him about settlement discussions with defense counsel.  He has no role in these cases.

       8.      Moreover, Michael Harrison has no economic interest in any of my pending EFTA cases.  If any fees are recovered, he will not share in them.  While I would happily refer business to Michael Harrison if I could (reciprocal referral relationships, after all, are completely ethical and permeate the legal profession), given that I am a solo practitioner based in Washington, D.C., and he is a California lawyer whose main specialty is representing professional athletes, the chances I will be able to do so are essentially non-existent.

I declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____
Geoffrey Bestor

Executed on December 6, 2010.