UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER,

     Plaintiff,                              Case No. 1:10-cv-00405-PLM

     vs.                                   Hon. Paul L. Maloney

NORTHWESTERN BANK,

     Defendant.

_____/

**RESPONSE TO JANUARY 17, 2012 ORDER CONCERNING
CLASS NOTICE AND FAIRNESS OF PROPOSED CLASS SETTLEMENT**

On January 17, 2012, the Court directed the parties to address the issue of the fairness of the notice to the class proposed in section 2.5 of the parties' settlement agreement. The short answer is that Defendant Northwestern Bank has no way of identifying class members individually. Data obtained when a non-customer of the bank makes an ATM transaction is sufficient to route the transaction to the customer's bank through the electronic funds transfer network, but the data contains no individually-identifying information. The only way to identify individuals would be to subpoena each non-customer's bank, a process that would be prohibitively expensive and time-consuming in litigation involving relatively small dollar claims. Every court that has approved an ATM fee class settlement has approved publication notice for this reason.

**I.     The Parties' Proposed Class Notice Is Fair and Consistent with Due Process**

Rule 23(c)(2)(B) states: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In section 2.5 of the Settlement Agreement, the parties agreed on the forms of notice to be given to class members: publication notice in *Cadillac News*; *Houghton Lake Resorter*; *Ludington Daily News*; *Manistee News Advocate*; *Petoskey News-Review*; *Traverse City Record-Eagle* (Exhibit B to the Settlement Agreement), posted notice on the ATMs at issue (Exhibit C to the Settlement Agreement), and website notice (Exhibit D to

1

the Settlement Agreement). These forms of notice are the best class notice practicable under the circumstances because it is simply not feasible to identify class members individually.

As is described in the affidavits submitted in several ATM fee cases, including this one (*see* Exs. A-E hereto), banks obtain only limited information concerning ATM transactions by non-account holders (only non-customers of Defendant are members of the class). This information "is the primary account number ("PAN") from the non-customer ATM card and limited data regarding the transaction, including the date, type, transaction amount, and fee, if any." Ex. A, Affidavit of Douglas Zernow ¶ 11, Northwestern Bank, submitted in support of Defendant's motion for summary judgment ("Zernow Aff."). "Defendant is not provided and cannot ascertain the cardholder's name, address, or any other personal identifying information." Zernow Aff. ¶ 12.

Only the banks at which the class members maintain their accounts would be able to identify individual class members. Since banks are subject to numerous confidentiality requirements, this information could be obtained only by issuing subpoenas to the banks identified by their PAN numbers, assuming Defendant even has access to a list of banks' PAN numbers.[1] There are 127,437 transactions included in the class in this case, with 46,469 unique ATM card numbers. Zernow Aff. ¶ 15. It is obviously not possible to serve and litigate hundreds, or perhaps even thousands, of subpoenas on banks to obtain individual account information. As the court in *Mowry v. JP Morgan Chase Bank, N.A.*, 2007 WL 1772142 (N.D. Ill. June 19, 2007),[2] recognized:

> In the instant action, the only identifying information associated with the approximately twenty million transactions in question are the sixteen digit personal account numbers ("PAN") that Chase's ATMs record during each withdrawal. These PANs consist of a six digit code identifying the bank that the cardholder has an account with, and a ten digit personal identification number, which is known only to each respective bank. Due to the vast number of transactions involved in a potential class action, identifying the financial institutions that are not affiliated with Chase in order to identify the potential class members will be difficult. In addition, once a financial institution that is not affiliated with Chase is properly identified and contacted, that financial institution is not likely to be willing to share identity information for security and privacy reasons. Further, even if financial institutions that are not affiliated with Chase are willing to

---

1 In his affidavit, Mr. Zernow states that Defendant does not know the identity of the class members' banks. Zernow Aff. ¶ 13.

2 While the *Mowry* court originally denied class certification, the parties subsequently settled the case on a class basis and the court considering the settlement certified the settlement class and approved publication notice. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806 (E.D. Wis. 2009).

identify and locate potential class members, the financial institutions may be unable to do so if the potential class members no longer hold accounts with the financial institution. Attempts to identify the potential class members individually will undoubtedly result in prolonged litigation, and even then it is likely that a large number of potential class members will be left out.

*Id*. at *6.

In these circumstances, the class notice agreed to by the parties in their settlement is the only practical notice, and that notice satisfies both Rule 23 and due process. The Honorable John C. O'Meara of the United States District Court for the Eastern District of Michigan recently thoroughly addressed this precise issue in ruling on a contested motion for class certification in an ATM fee case.

Defendant points out that it does not have a way of identifying the non-customers it has charged an ATM fee. However, although personal notice is not possible, public notice has been approved in other ATM class actions, including those before this court. For example, in *Harrison v. Flagstar Bank*, No. 09-12687 (O'Meara, J.), the court approved notice to the class by publication in the Oakland Press, a notice posted on the ATM at issue, and on a website, www.atmclasssettlement.com.

It is true that providing public notice is not as effective as providing actual notice to individual customers. However, this issue is the same in every EFTA case. In each case, the plaintiffs are not customers of the bank that is alleged to have violated the statute and the defendant does not have identifying information for these customers. Standing alone, this logistical concern cannot preclude EFTA class actions, which are expressly permitted by the statute. *See Flores*, 2008 WL 4861511.[3] Another district court has pointed out that if Defendant's argument "is taken to the extreme, a class could never be certified for a violation of the EFTA where one bank charges, without proper notification, customers of other banks a fee to use its ATM. In such cases, the violating bank would never have the names and addresses of prospective class members. The logistics of notifying class members surely does not compel such an absurd result, which would serve to insulate operators of ATMs from most class action litigation." *Id*. at *4.

The court in *Burns*[4] stated that it "does not pretend that any notice plan will encourage a large number of individuals to come forward and claim what likely will be a minimal award. . . . On the other hand, it is even more unlikely that class members will file individual actions if the proposed class is not certified," given that prospective plaintiffs are unlikely to be aware of their rights. *Burns*, 2006 WL 3754820 at *11.

Rule 23(c)(2)(B) requires that class members receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." "To comport with the requirements of due process, notice must be 'reasonably calculated to reach interested parties.' Due process does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action." *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008) (emphasis in original).

---

[3] *Flores v. Diamond Bank*, 2008 WL 4861511 (N.D. Ill. Nov. 7, 2008).

[4] *Burns v. First Am. Bank*, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006).

*Kinder v. Dearborn Bank*, Case No. 5:10-cv-12570-JCO-RSW (E.D. Mich. Dec. 20, 2011) (Opinion and Order Granting Plaintiff's Motion for Summary Judgment and Motion for Class Certification and Denying Defendant's Motion to Dismiss at 6-8) *(*attached hereto as Ex. F).

In its order directing the parties to file this response, the Court noted that, in the class certification order, Judge Maloney found that the class members were "readily identifiable."  In so finding, Judge Maloney was addressing Defendant's argument that determination of whether a particular claimant was a class member would require individualized determinations.  Judge Maloney did not find that individual class members were known prior to notice (the question was not before him) and, in stating that class members were "readily identifiable," he was not addressing the question of notice.  This is clear from the full paragraph in which the "readily identifiable" language appears:

> The members of the class are readily identifiable and will not require the court to devote substantial time to individualized determinations. Because the class is defined using objective criteria, proper notice to class members can be made. While individual notice would be preferable, publication notice is an alternative. The proposed members of the class will likely be able to self identify, with proper notification, and using their own bank records, would have little problem proving class membership.

Opinion and Order Granting in Part and Referring in Part Joint Motion for Preliminary Approval of Class-Action Settlement at 15.

As noted above, multiple courts have approved precisely the form of notice proposed by the parties here.  *See, e.g., Harrison v. First Independence Bank*, Case No.  5:09-cv-12684-JCO-MAR (E.D. Mich.); *Kinder v. ELGA Credit Union,* Case No. 5:10-cv-11549-JCO-RSW (E.D. Mich.); *Harrison v. Flagstar Bank*, Case No. 5:09-cv-12687-JCO-DAS (E.D. Mich.); *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 810 (E.D. Wis. 2009).  Rule 23 requires only "the best notice that is practicable under the circumstances." Individual notice is required only when individuals "can be identified through reasonable effort."  Here, the cost of identifying individual class members, even when possible, would greatly exceed the maximum recovery of $1,000 provided by the EFTA, making any effort to do so unreasonable by any reasonable definition of "reasonable effort."

WHEREFORE, for the foregoing reasons, the parties request that this Court find that the form of notice to the class agreed to by the parties satisfies Rule 23 and the requirements of due process.

Dated:  February 6, 2012                           Respectfully submitted,

| | |
|---|---|
| GEOFFREY BESTOR<br><br>By: /s/ Geoffrey Bestor<br>    2701 Calvert Street, NW #1121<br>    Washington, DC 20008<br>    (240) 463-8503<br>    Email: gbesq@bestorlaw.com<br><br>Counsel for Plaintiff | VARNUM<br><br>By: /s/ Ronald G. DeWaard<br>    Ronald G. DeWaard<br>    Brion B. Doyle<br>    333 Bridge Street NW<br>    Grand Rapids, Michigan 49504<br>    Main: (616) 336-6000<br>    Fax: (616) 336-7000<br>    Email: rgdewaard@varnumlaw.com<br>          bbdoyle@varnumlaw.com<br><br>Counsel for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2012, I caused the foregoing Response to be served on all counsel by filing the foregoing by way of the Court's ECF system.

/s/ Geoffrey Bestor