UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NANCY KINDER,                )<br>             Plaintiff,           )<br>                                        )<br> -v-                                   )<br>                                        )<br> NORTHWESTERN BANK,       )<br>             Defendant.         )<br> _____) | No. 1:10-cv-405<br><br>HONORABLE PAUL L. MALONEY |

## **ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**

On November 2, 2011, this Court issued an order (ECF No. 44) granting in part and referring in part a joint motion for preliminary approval of a class-action settlement. The magistrate judge has since issued a Report and Recommendation addressing the fairness of the proposed settlement, including the fairness of the attorney fee award. (ECF No. 53.) Plaintiff Kinder filed an objection to the report recommendation. (ECF No. 54.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Although § 636 requires this Court to review objections de novo, it does not allow parties to raise, in their objections, new arguments or issues that were not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United*

*States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (explaining that the "'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.'").

The Court has carefully reviewed the record, including the order referring the matter to the magistrate, Plaintiff Kinder's submission to the magistrate judge on the matter of legal fees (ECF No. 47), the R&R, Plaintiff's objections, and relevant legal authority. The Court finds the R&R accurately reflects the state of the record and arguments advances before the magistrate judge. The R&R is well-reasoned and is supported by the record at the time and by relevant legal authority. Having considered Plaintiff's objections, the Court finds that those objections generally raise new facts not presented to the magistrate judge. The Court declines to consider those new facts not previously presented.

The Report and Recommendation is therefore **ADOPTED** as the opinion of this Court. No party has objected to any portion of the recommendations regarding the method of notice or the fairness of the settlement payment. Plaintiff's objections to the portion of the report and recommendation regarding attorney's fees are OVERRULED. **IT IS SO ORDERED.**

Date: July 13, 2012              /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge