UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER,

    Plaintiff,                                    Case No. 1:10-cv-00405-PLM

vs.                                          Hon. Paul L. Maloney

NORTHWESTERN BANK,

    Defendant.
_____/

**MOTION FOR RECONSIDERATION OF ORDER
ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION**

On June 5, 2012, the Honorable Magistrate Judge Joseph G. Scofield issued a report and recommendation in which he recommended approval of the notice proposed by the parties as well as the amount of the settlement and the terms of distribution to class members. However, Judge Scofield recommended that the Court reject the amount and method of calculating attorneys fees agreed to by the parties. On June 19, 2012, Plaintiff's counsel filed objections to Judge Scofield's ruling on attorneys fees. On July 13, 2012, the Court adopted Judge Scofield's report and recommendation. Plaintiff files the present motion for reconsideration of the Court's July 13, 2012, order solely with respect to the issue of attorneys fees.

The sole basis for the Court's approval of Judge Scofield's recommendation on attorneys fees over Plaintiff's objection was that Plaintiff's objection presented new facts that should have been, but were not, raised with Judge Scofield. Plaintiff's counsel strongly disputes that he was given the opportunity to present these facts to Judge Scofield. Counsel accordingly respectfully requests that the Court grant this motion for reconsideration and consider counsel's objections to Judge Scofield's recommendation on attorneys fees on the merits.

On December 1, 2011, upon direction by Judge Scofield, Plaintiff's counsel filed a brief in support of the settlement agreement's attorneys fee provision. The settlement agreement provided for an attorneys fee of $80,000 based on Plaintiff's counsel representation to counsel for Defendant that Plaintiff's counsel's lodestar (calculated at a rate of $400/hour) already exceeded $80,000. The

1

settlement agreement provided, of course, that attorneys fees were subject to approval by the Court. Plaintiff's counsel's December 1, 2011, filing included a detailed listing of counsel's hours. Defendant did not file anything.

In his June 5, 2012, report and recommendation, Judge Scofield rejected counsel's request for a lodestar award and recommended that the Court order a 25 percent common fund attorneys fee. Judge Scofield's disapproval of counsel's fee request was based on his view that, given that counsel had done so many EFTA ATM cases, counsel could not have needed the amount of time recorded in counsel's time sheets. In his June 19, 2012, objection to Judge Scofield's recommendation, Plaintiff's counsel informed the Court that Judge Scofield was operating under a mistaken impression because this case was, for almost all of the litigation events (*e.g.*, document discovery, depositions, class certification motion, etc.), Plaintiff's counsel's first EFTA case. In its July 15, 2012, adoption of Judge Scofield's report and recommendation, the Court declined to consider Plaintiff's counsel's objections on the merits because the facts on which counsel relied had not been presented to Judge Scofield.

Plaintiff's counsel is fully aware of the requirement that all available facts and arguments be presented to a magistrate judge to whom issues have been referred for report and recommendation. But the underlying assumption of the rule is that the party actually had the opportunity to present the facts and arguments in question to the magistrate judge. In adopting Judge Scofield's report and recommendation, the Court quoted *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012), for the rule that "a claimant must present all his claims squarely to the magistrate judge, that is, **the first adversarial forum**, to preserve them for review." (emphasis added). "The first adverserial forum" is not a throw-away phrase. Parties are entitled to an opportunity to respond to the arguments opposing their position. Without that opportunity, the entire basis for the "waiver of unraised arguments" rule is vitiated.

Plaintiff's counsel was afforded no such opportunity. Judge Scofield recognized the problem:

> Although the lodestar approach might well be appropriate in the first one or two cases in such a series (because these cases require the greatest expenditure of time and effort by counsel), that method appears to be inappropriate in subsequent cases, in the absence of unusual circumstances. In the present case, the fee application suffers from manifest difficulties, as noted above, but there is no adversarial process by which to resolve these questions. The defendant, which cares only about the gross amount of the settlement,

>has no incentive to challenge counsel's fee application. This puts the court in the awkward position of conducting an inquisitorial proceeding into the reasonableness of counsel's fee application, unaided by the normal adversarial presentation.

Report and Recommendation, pp. 13-14 (ECF No. 53).

Without consideration of the merits of Plaintiff's counsel's objections to the attorneys fee portion of Judge Scofield's report and recommendation, we are left with "an inquisitorial proceeding . . . unaided by the normal adversarial presentation." The Court's adoption of the report and recommendations effectively is a ruling that Plaintiff's counsel should have guessed that Judge Scofield would conclude that this case was only the latest in a long line of ATM cases litigated by Plaintiff's counsel and that counsel's hours were, as a result, unreasonable. With all due respect to the Court, Plaintiff's counsel did not guess that Judge Scofield would do so. Even less did counsel guess that Judge Scofield would make a recommendation to the Court on this basis without giving counsel an opportunity to respond.

Judge Scofiel made a finding of fact. That finding was that counsel had conducted discovery, took depositions, and filed class certification motions and summary judgment motions in multiple previous ATM cases. That finding is wrong. Counsel showed that it was wrong in his objections to the report and recommendations. Either Judge Scofield or the Court needs to consider the attorneys fees issues without the factual error underlying the report and recommendation. Counsel was given no opportunity to set the record straight before Judge Scofield. He is entitled to that opportunity.

The mechanism for objecting to a magistrate's report and recommendations is to file objections with the district court. *See Harshaw v. Bethany Christian Services*, 1:08-CV-104, 2010 WL 331708 *4 (W.D. Mich. Jan. 22, 2010) (Maloney, C.J.) ("[M]otions denominated as motions for reconsideration are customarily treated as motions under Rule 59(e)."). There is no procedure in the Federal Rules of Civil Procedure or in the local rules of this Court by which to file a motion to reconsider with the magistrate judge because there is no order to reconsider. Plaintiff's counsel accordingly filed his objections with the Court. Those objections were the first opportunity counsel had to address the basis for Judge Scofield's recommendations. It would be manifestly unfair for Judge Scofield's

3

recommendations concerning attorneys fees to stand without either the magistrate judge or the Court considering the facts presented in counsel's objections to the report and recommendations.

One final note: by adopting the magistrate judge's report and recommendations, the Court has left stand an opinion, accessible on Pacer and perhaps soon on Westlaw and Lexis, finding that Plaintiff's counsel submitted inflated hours to the court in support of a fee request.  Perhaps this is not legally relevant, but Plaintiff's counsel has practiced law for 30 years without any court suggesting the least impropriety in his actions.  Judge Scofield's recommendation was based on a factual error.  Neither Judge Scofield nor the Court has considered counsel's fee application with that error corrected.  That is not fair.

Dated:  July 30, 2012                             Respectfully submitted,

                                                              GEOFFREY BESTOR

                                       By: /s/ Geoffrey Bestor
                                            2701 Calvert Street, NW #1121
                                            Washington, DC 20008
                                            (240) 463-8503
                                            Email: gbesq@bestorlaw.com

                                            Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2012, I caused the foregoing Response to be served on all counsel by filing the foregoing by way of the Court's ECF system.

                                            /s/ Geoffrey Bestor