UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NANCY KINDER,                     )
                                   )
           Plaintiff,       )     Case No. 1:10-cv-405
                                   )
v.                             )     Honorable Paul L. Maloney
                                   )
NORTHWESTERN BANK,     )
                                 )     **REPORT AND RECOMMENDATION**
           Defendant.     )
_____)

This is one of twelve class action cases against Michigan banks filed by plaintiff Nancy Kinder, alleging violations of the Electronic Fund Transfer Act. (EFTA). Plaintiff alleges that the defendant bank violated the requirements of 15 U.S.C. § 1693b(d)(3)(B), by failing to post a notice on the outside of its ATM machines concerning fees charged to consumers. On June 9, 2011, plaintiff and defendants filed a joint motion for preliminary approval of a class action settlement. (Joint Motion, docket # 41). Attached to the joint motion was a settlement agreement, signed in counterpart by plaintiff Nancy Kinder and by the executive vice-president of Northwestern Bank, providing for a $200,000 payment by the bank to the plaintiff class. (docket # 41-1).

On November 2, 2011, Chief Judge Paul Maloney issued an opinion and order granting in part the joint motion for preliminary approval of the class action settlement. Judge Maloney certified a settlement class but required plaintiff's counsel to provide further information concerning the fairness of the proposed award for attorney's fees and costs. The court's order referred to me the question whether the proposed settlement is fair, reasonable and adequate. (Op.

& Order, docket # 44, at 16). On June 5, 2012, I issued a report and recommendation recommending that the proposed settlement be preliminarily approved pursuant to Fed. R. Civ. P. 23(e), except for the requested attorney's fees, which I recommended be reduced to twenty-five percent of the fund created by the settlement. On July 15, 2012, Chief Judge Maloney entered an order approving the report and recommendation, over the objections of plaintiff's counsel. (Order, docket # 55). As a result of that order, the proposed settlement agreement was preliminarily approved, with a reduced attorney's fee award, and counsel for plaintiff was required to submit conforming versions of the notice of class action settlement and preliminary order of approval for the court's review.

Plaintiff's counsel failed to provide revised documents to the court until February 8, 2013, when plaintiff moved for a preliminary approval order setting a final hearing date. (Motion, docket # 58). By that time, Congress had passed, and the President had signed into law, an amendment to the EFTA. *See* Pub. L. No. 112-216 (codified at 15 U.S.C. § 1693b(d)(3)(B)). The amended statute provides that the notice requirement concerning ATM fees "shall appear on the screen on the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction." This amendment to the EFTA would clearly defeat plaintiff's claim, made in this and numerous other cases, that the required notice must be posted on the outside of the ATM machine. On the basis of this intervening amendment, defendant moved to vacate the entry of the preliminary approval order and for other relief. (Motion, docket # 59). Defendant argues that the amendment to the EFTA should be applied to this case under the controlling Supreme Court authority governing retroactive effect of statutes. *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). Defendant asserts that application of the amendment to this case renders the controversy moot and deprives this court

of subject-matter jurisdiction. Defendant asks the court to disapprove the proposed class action settlement under Fed. R. Civ. P. 23(e), which empowers the court to approve class action settlements only if they are "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). Defendant asserts that approval of the class action settlement is no longer fair as a result of the intervening change in statutory law. Plaintiff opposes the motion and asks the court to proceed with the class action settlement. Chief Judge Maloney has referred both motions to me for the issuance of a report and recommendation.

Upon review of the parties' submissions, I conclude that defendant's arguments are completely meritless. Conspicuously absent from defendant's presentation is any authority that would allow the court to abrogate a settlement agreement on the ground that a subsequent change in law, in hindsight, renders the settlement unwise. Defendant's arguments concerning mootness and the lack of a live case or controversy are also mistaken. I therefore recommend that defendant's motion to vacate preliminary approval of the class action settlement be denied and that plaintiff's motion for an order notifying the class of the settlement and setting a final hearing date be granted.

## Discussion

1.      **Motion to Vacate Order of Preliminary Approval**

Defendant's motion asks and answers the wrong question (retroactive effect of amendments to the EFTA) while ignoring the only relevant question (why the court should relieve a financial institution represented by competent counsel of its obligations under a settlement agreement). Defendant cites no authority supporting the relief it requests. Such federal authority

that does exist indicates that defendant's attempt to escape its obligations under a settlement agreement must be rebuffed.

Without doubt, the 2012 amendment to the EFTA, if it were applied to plaintiff's claim, would require dismissal of that claim on its merits. Although the previous version of the EFTA arguably supported plaintiff's argument that a notice must be posted prominently on the outside of an ATM machine, the 2012 amendment makes it clear that the method actually used by Northwest Bank at the time of plaintiff's transactions was sufficient. Had the amendment taken effect before the parties entered into a settlement agreement, defendant's argument concerning the amendment's retroactive effect under *Landgraf* would be properly before the court. At this stage in the life of this case, however, the issue is not whether the amendment renders plaintiff's underlying claim meritless, but whether the amendment somehow allows defendant to escape the effect of a binding settlement agreement executed by the parties before the legislation was passed.

The universal rule in this country is that a favorable change in the law does not afford a settling party a chance to repudiate an otherwise binding settlement to which it is contractually bound. *See Maskill Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 629 (6th Cir. 2004); *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002); *Anita Foundations, Inc. v. ILGWU Retirement Fund*, 902 F.2d 185, 189-90 (2d Cir. 1999). And, as is shown below, the mere fact that a settlement agreement is subject to approval for fairness under Rule 23(e) does not deprive the agreement of its binding effect.

A recent decision of the Third Circuit Court of Appeals is directly on point. In *Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010), the parties reached a settlement agreement in a class action brought under the Fair and Accurate Credit Transaction Act (FACTA),

which prohibited a seller from printing a receipt that displays more than the last five digits of a buyer's credit card. The parties participated in a court-sponsored mediation, which resulted in a settlement agreement. They submitted the settlement agreement to the district court for approval pursuant to Fed. R. Civ. P. 23(e). While the matter was pending before the district court, Congress amended the FACTA in a way that defeated plaintiffs' underlying claims. On this basis, the district court vacated its order granting preliminary approval to the settlement and dismissed the case. The Third Circuit reversed, basing its decision on the following three holdings:

- The "restricted, tightly focused role" of district courts under Rule 23(e) requires the court to act as fiduciary for the absent class members, but does not vest a court with broad powers to intrude on the parties' bargain. The court pointed out that judicial approval of a class action settlement is meant to protect absent class members, not the defendant. 609 F.3d at 593; *accord Colella v. Univ. of Pittsburgh*, 569 F. Supp. 2d 525, 534 (W.D. Pa. 2008). Consequently, the fact that court approval is needed does not affect the binding nature of the settlement contract. 609 F.3d at 593; *accord In re Syncor ERISA Lit.*, 516 F.3d 1095, 1100 (9th Cir. 2008). The court expressly repudiated the notion, argued by defendant in the present case, that a settlement agreement is not a binding contract until final judicial approval. 609 F.3d at 594.

- Second, a refusal to enforce a settlement agreement on the basis of a subsequent change in law undermines the strong presumption in favor of voluntary settlements, which is especially strong in class action cases. 609 F.3d at 594-95. "By vacating its preliminary approval of the settlement and by granting Verizon a judgment on the pleadings, the district court permitted Verizon to void its settlement agreement when

it became unpalatable and digressed from the federal policy of encouraging class

action settlement agreements." *Id.* at 595.

•        Finally, the court reiterated the universal rule that "changes in the law after settlement

do not affect the validity of the agreement and do not provide a legitimate basis for

rescinding the settlement." 609 F.3d at 595. Even if a party's decision to settle

proves improvident in hindsight because of a change of law, the party must bear "the

consequences of its informed, counseled and voluntary decision" to settle. *Id.* (citing

*Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 275 (3d Cir. 2002)). "Where, as here,

the parties have executed an agreement, a party cannot avoid its independent

contractual obligations simply because a change in the law confers upon it a benefit

that could have altered the settlement calculus." *Id.* at 596.[1]

The majority in *Ehrheart* rejected the argument of the dissenting judge, who believed

that the statutory amendment rendered the settlement agreement "moot." The majority held that the

mootness doctrine did not apply and that the dissenting judge was focusing on the wrong

controversy. The plaintiff class maintained a personal stake in the outcome of the case by reason of

the settlement agreement, even if the merits of the underlying claim were called into question by the

---

[1] Although *Ehrheart* is the closest, and most persuasive, federal decision in this area, it is not
the only case in which a settling party has been held to his bargain despite a change in law. *See, e.g.,
In re Syncor ERISA Lit.*, 516 F.3d 1095 (9th Cir. 2008) (class action settled during pendency of
summary judgment motion; judge entered summary judgment for defendant and refused to approve
settlement; appellate court reversed); *Sheng v. Sharkey Labs, Inc.*, 117 F.3d 1081 (8th Cir. 1997)
(defendant bound by settlement agreement despite court's summary judgment ruling on the merits);
*Colella*, 569 F. Supp. 2d at 532-33 (denying request to set aside class action settlement after passage
of amendments to FACTA undermining class claim); *Hughes v. InMotion Ent.*, No. 07cv1299, 2008
WL 3889725 (W.D. Pa. Aug. 18, 2008); *Curiale v. Lenox Group, Inc.*, No. 07-1432, 2008 WL
4899474 (E.D. Pa. Nov. 14, 2008) (same).

statutory amendment. *Id.* at 596. The Third Circuit was indisputably correct in this conclusion. As long as the parties have a concrete interest in the outcome of the litigation, the case is not moot. *See Ellis v. Brotherhood of Ry. Airline and SS Clerks*, 466 U.S. 435, 442 (1984). The plaintiff class clearly has a concrete interest in the settlement agreement, which has subsumed and superseded their underlying claims. Moreover, the mootness doctrine generally applies when events occurring after the filing of a case undermine the court's ability to order prospective relief. A claim for money damages is generally sufficient to prevent dismissal on grounds of mootness. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013); *Prime Media, Inc. v. City of Brentwood, Tenn.*, 398 F.3d 814, 824 (6th Cir. 2005).

Defendant's mootness argument hopelessly conflates mootness -- a justiciability concept -- with the merits of the case. Even if the 2012 amendment had taken effect before the settlement had been reached, in no event would the amendment have rendered this case "moot." The mootness doctrine attempts to guarantee that a plaintiff has the requisite personal interest in the outcome of a case throughout the case's existence. *See Arizonans v. Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). A plaintiff who brings a meritless suit is not robbed of a personal interest in the outcome of the case by the complaint's lack of merit. If a litigant were to sue under the EFTA for a transaction occurring after the effective date of the 2012 amendment, the court would not dismiss the case as moot, but would dismiss it on its merits. Thus, even had the parties not settled the case, the 2012 amendment would in no sense moot plaintiff's claim for damages -- it would merely doom that claim to a virtually certain dismissal. A party may certainly agree to settle a fatally weak claim. That is exactly what has occurred in this case. Northwestern Bank has agreed to settle a claim which, as a result of a subsequent change in law, may be extremely weak. The weakness of

plaintiff's claim, however, in no sense moots the controversy and is not grounds for relieving Northwestern Bank of its obligations under a binding settlement agreement.

### 2.    Motion for Order of Notification and Setting First Hearing

Plaintiff has moved, although belatedly, for entry of a preliminary approval order. The court has already certified a settlement class and approved the substance of the settlement, including a reduced attorney fee. The Settlement Agreement attached to the parties' Joint Motion (docket # 41-1) agrees on the form and method of notice to class members, as well as the form of the Preliminary Approval Order. (ID#s 507-12). Plaintiff's present motion seeks the entry of a preliminary order consistent with that appended to the settlement agreement, with changes made necessary by the passage of time. Plaintiff is entitled to proceed with the process envisioned by Rule 23, and embodied in the settlement agreement. The next step of that process is entry of the Preliminary Approval Order, which will establish dates for submission of claim forms, opt-out notices and objections. The date of a fairness hearing will also be established. Defendant's only objection is based on the change in statutory law, which does not provide it grounds for relief from the settlement agreement.

### Recommended Disposition

For the foregoing reasons, I recommend as follows:

A.    Defendant's motion to stay or vacate entry of preliminary approval order and for other relief (docket # 59) should be denied.

B.    Plaintiff's motion for the entry of a Preliminary Approval Order (docket # 58) should be granted. The court should enter a Preliminary Approval

Order in the form attached to plaintiff's motion, with the following changes made necessary by the passage of time:

      (1)    the order should set a date for submission of claim forms and opt-out notices approximately five months after entry of the Preliminary Approval Order;

      (2)    a Preliminary Approval Order should establish a fairness hearing before the district judge approximately 21 days thereafter.


Dated:  April 15, 2013            /s/  Joseph G. Scoville
                                   United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).